## S. P. ROBBINS v. AUGUST TODMAN.

1. VIGILANTIBUS, *Non Dormientibus, Jura Subveniunt.* Where two persons, each acting in good faith, have separate and distinct contracts with a third party, of which each has full knowledge, and the parties all meet together for the execution of the separate contracts, and a loss occurs to one of the persons by the fraud of the third party, and thereon it is to be determined between the two who shall lose, the law will protect the more rather than the less vigilant.

2. EQUITABLE ESTOPPEL; *Priority of Mortgage Liens.* T. held a mortgage of record upon real estate, executed by C. to secure the payment of $2,500, with interest due thereon, evidenced by certain promissory notes; he commenced an action to foreclose the mortgage; then C. made an arrangement with him, by the terms of which C. was to pay T. $2,450 in settlement of the action and in satisfaction of the notes and mortgage; thereupon C. made arrangement with one R. to loan from him money to pay T., by the terms of which C. was to secure a release of the T. mortgage and give R. a first mortgage on the premises. Afterward, T., R. and C. all met at the office of the register of deeds, where the mortgage was of record, with the understanding that the loan from R. to C. was to be made and T.'s mortgage released and satisfied; and at the time of the meeting, all the parties had full knowledge of the arrangement between C. and T. and between C. and R. While the parties were all together in the office of the register of deeds, T. executed and acknowledged on the margin of the record a release of the mortgage held by him, and immediately thereafter the note and mortgage from C. to R. were signed and acknowledged, and thereupon R. gave C. the money mentioned in the note and mortgage just executed, and said note and mortgage were then delivered to R. with the knowledge and assent of all the parties, and in the presence of T., who made no objection; after which R. handed the mortgage to the register of deeds, by whom it was recorded; C., after receiving the money from R., counted it and pronounced it "all right," and then, holding the money in his hands toward T., said to him, "Now where are my papers?" Thereupon T. handed

Robbins v. Todman.

the old notes and mortgage owned by him to C., who took them, then withdrew his hand, and retaining both the money and the papers, suddenly left the room of the office, mounted his horse and galloped away. *Held,* After R. had parted with his money to C. and accepted his note and mortgage therefor, and filed the same for record in the presence of T. upon the faith of the satisfaction of the record by T. of his prior mortgage, and upon his understanding that his note was secured by the first and prior mortgage, T. cannot, as against R., be heard to say that the release executed by him is void because obtained by false pretenses and without consideration. And *held further,* that the lien of R.'s mortgage by the conduct of T. takes priority, and is the first lien on the premises described therein.

*Error from Woodson District Court.*

April 18, 1881, *August Todman* commenced his action against J. P. Cowdin in the district court of Woodson county, to recover judgment for the sum of $2,500, with interest thereon at the rate of eight per cent. per annum from the 15th day of June, 1880, upon five several promissory notes of $500 each, executed by Cowdin on June 15, 1880, and also to foreclose a mortgage embracing a quarter-section of land situate in that county, given to secure said several promissory notes, which mortgage was also executed by Cowdin, and filed for record on the said 15th day of June, 1880. On the 17th day of June, 1881, *S. P. Robbins* made an application to the court to be made a party defendant, and for permission to file an answer to the petition of Todman. The application was granted, and on July 18, 1881, Robbins, as defendant, filed an answer setting up the execution to him by J. P. Cowdin, of a mortgage of the date of the 17th of June, 1881, upon the premises described in the petition, to secure the payment of $2,450, evidenced by a promissory note of the date of the mortgage, executed by Cowdin to *Robbins,* and due five years after the date thereof, with ten per cent. per annum interest, payable annually. The answer further alleged that the mortgage of Cowdin to *Todman,* of June 15, 1880, had been released of record by *Todman* on the 7th day of June, 1881, and the prayer of the answer was to the effect that *Robbins's* mortgage be declared a prior mortgage, and

first lien on the lands therein described.   On August 24, 1881, *Todman* filed his reply to the answer of *Robbins*, and at the March Term of the court for 1882, the cause was tried by the court, a jury being waived.   The court made the following findings of fact, viz.:

"1. After the commencement of this suit, and before Robbins became a party thereto, the defendant Cowdin made an agreement with plaintiff, by the terms of which Cowdin was to pay plaintiff an agreed sum, in settlement of said suit and satisfaction of the notes and mortgage described in plaintiff's petition.

"2. Thereupon said Cowdin made arrangements with one Levi Robbins, agent for defendant Robbins, to carry out said agreement with said plaintiff, by the terms of which Cowdin was to secure a release of the Todman mortgage and give defendant Robbins a first mortgage on the premises described in the petition.

"3. Afterward Levi Robbins, plaintiff, and plaintiff's attorney, Mr. Pickett, and defendant Cowdin, all met at the office of the register of deeds, at which time it was the understanding of all parties that the said loan from Robbins to Cowdin was to be made, and plaintiff's mortgage released and satisfied in accordance with prior arrangements hereinbefore mentioned; and at the time of said meeting all the parties had full knowledge of the arrangement between Cowdin and plaintiff, as well as between Cowdin and Robbins.

"4. While the said parties were all together in the office of the register of deeds, as mentioned in the preceding finding, the plaintiff executed and acknowledged a release of said plaintiff's mortgage on the margin of the record thereof, and immediately thereafter the note and mortgage from Cowdin to Robbins were signed and acknowledged; and thereupon and thereafter Levi Robbins gave Cowdin the sum mentioned in the note and mortgage from Cowdin to Robbins, and immediately thereafter said Robbins came into possession of said note and mortgage with the knowledge and assent of all parties—both of which acts were in the immediate presence of plaintiff and his attorney, Mr. Pickett, who made no objections; after which Robbins handed the mortgage to the register of deeds, where it remained until after recorded.   Cowdin, after receiving the money, counted the same, and pronounced it 'all right,' and holding the money in his hands toward

Mr. Pickett, attorney for plaintiff, said to him, 'Now where are my papers?' Thereupon said Pickett handed the notes and mortgage sued on by plaintiff to said Cowdin, who thereupon withdrew his hand, kept both money and papers, left the room, mounted his horse and galloped away.

"5. Neither defendant Robbins, nor his agent, nor anyone else, except said Cowdin, had the slightest knowledge or suspicion that the money paid over to Cowdin by Levi Robbins would not be paid over forthwith to plaintiff, and said Robbins acted in the most perfect good faith in the premises, save and except such bad faith, if any, as would follow as a legal conclusion from the foregoing facts."

And thereupon the court found as a conclusion of law, for the plaintiff *Todman*, and that his mortgage was prior to and a subsisting lien as against that of the defendant *Robbins*. Thereon judgment was rendered in favor of *Todman* against Cowdin, for the sum of $2,845, and it was adjudged that the mortgaged premises be sold for the satisfaction of the judgment; the proceeds of the sale of the premises be first applied to the payment of the costs of the action, together with the costs of the sale and accruing costs; second, to the payment of the judgment of *Todman* against Cowdin, and if any balance remain, the same to be applied in satisfaction of the mortgage of *Robbins*. *Robbins* excepted to the conclusion of law and judgment of the court, and also moved that the court render judgment in his favor, awarding his mortgage a prior lien. The latter motion was overruled, and *Robbins* brings the case here.

*W. H. Slavens*, and *Cates & Keplinger*, for plaintiff in error.

*J. E. Pickett*, and *John R. Goodin*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: Upon the findings of fact, the judgment of the trial court must be reversed. Todman acknowledged satisfaction of his mortgage, and released in writing the record in the presence of Levi Robbins, the agent of S. P. Robbins, and then handed his notes and mortgage to Cowdin.

After Todman had executed his release on the record, the subsequent mortgage from Cowdin to S. P. Robbins was signed and acknowledged. Thereupon Levi Robbins, as agent of S. P. Robbins, gave Cowdin the money mentioned therein, and upon the delivery of the note and mortgage to him, he, as such agent, handed the mortgage to the register of deeds to be filed for record, by whom it was duly recorded. It is true that Cowdin induced Todman to execute the release and hand him his notes and mortgage by false pretenses and without consideration; but as Todman confided in him and his promises and acted thereon, and as Robbins loaned his money and accepted the subsequent mortgage upon the faith of the release of the prior mortgage by Todman, the latter is now estopped from asserting as against S. P. Robbins the priority of his mortgage. Todman released and satisfied his mortgage in accordance with the prior arrangement between him and Cowdin, with the expectation that Cowdin would turn over to him the money that he was loaning from Robbins; and Robbins did not part with his money or accept the note and mortgage of Cowdin until the release of Todman's mortgage had been entered of record. He paid over his money to Cowdin with the full reliance on his part that Todman's mortgage had been satisfied and released, and the conduct of Todman fully justified him in thus believing and acting. After Robbins had thus parted with his money, Todman cannot be heard as against him to say that the release is void because obtained by false pretenses and without consideration. Todman by his release did not relinquish as against Cowdin the lien of his mortgage; but as Robbins loaned his money and accepted the subsequent mortgage upon the faith that the prior mortgage had been discharged, the lien of such mortgage cannot have priority to the mortgage from Cowdin to Robbins. The doctrine of equitable estoppel is applicable with great force against Todman, and although the conduct of Cowdin was criminal, for which he deserves to be severely punished, yet Todman rather than Robbins must be the sufferer thereby. The confidence of Todman was betrayed by Cowdin, and

Todman, not Robbins, is entitled to the recovery of the money which Cowdin held in his hands when he left so suddenly the room of the register's office and galloped away on his horse. As between Todman and Robbins, although each acted in good faith, there was not the like care and prudence. The former acknowledged satisfaction of his mortgage and delivered his notes and mortgage to the mortgagor before he had received any money or other payment, evidently trusting to the mortgagor to carry out his agreement and promise to him. The latter trusted no one. Before he loaned his money or accepted the note and mortgage from Cowdin, he saw that the release of the Todman mortgage was properly executed on the margin of the book of records. Had Todman been equally as careful, he would have required the payment of the agreed sum from Cowdin to him before the release of his mortgage was executed. Had he acted thus prudently, Cowdin could not possibly have succeeded in his scheme of fraud. Had Robbins parted with his money and accepted the note and mortgage of Cowdin in the office of the register of deeds prior to the release of the Todman mortgage, and then Cowdin had fled with the money, Robbins, not Todman, would have been the sufferer. Robbins was too vigilant and watchful to do this, and therefore the law protects him rather than Todman.

The judgment of the district court must be reversed, and the case will be remanded with direction to the court below to enter judgment upon the findings of fact that the mortgage of S. P. Robbins be decreed the first lien on the land therein described.

All the Justices concurring.